## CIRCUIT COURT OF ARLINGTON COUNTY

Abdul Wasey Khaliq et al.

v.

Delores Schneider et al.

January 25, 1990

Case No. (Law) 88-1064

By JUDGE THOMAS R. MONROE

Upon consideration of defendant's demurrer, oral arguments of counsel, and the memorandum provided, this Court has reached the following findings.

The reference to "first refusal" in the lease at issue between the parties is not sufficient to create a contract right in the Plaintiff.

Plaintiff cites venerable yet valid authority for the widely accepted doctrine in contract law that when terms are absent for a valid contract, the trier of fact will look to surrounding circumstances and the parties' course of dealing to resolve the ambiguity. *Talbott v. Richmond and D. R. Co.*, 72 Va. (31 Gratt.) 685 (1879). In the lease at issue, plaintiff contends paragraph 16 is intended to create a right not in the lease, but in a future contract contemplated by the parties: "and in the event the Lessee exercises its *first refusal*, then the said Harry Atkin is to receive five per cent (5%) of the gross sale of the building." (emphasis added). No other reference to a future contract between the parties is found in the lease, and no evidence of any understanding between the parties has been offered.

The cited term of the lease should be construed, as plaintiff argues, according to the plain meaning. *See Foti v. Cook*, 220 Va. 800 (1980). However, even when construing any ambiguity of language in the contract against

defendants, its drafters, this Court cannot find any intent of the parties to offer and accept a right of first refusal. The plain meaning of the language, although misleading by its use of an often used term of act, is to *guarantee* to Mr. Atkin the right to commissions if the parties to the lease should *elect* to contract for the sale of the property.

In viewing the facts in the light most favorable to plaintiff, the instant case must be unfavorably contrasted to authority offered by plaintiff. The lack of any intent to grant a right of first refusal is much more readily evident here, both in terms of the language of the contract and the absence of any evidence to support plaintiff's view of its construction. *Compare, Landa v. Century 21 Simmons & Co.*, 237 Va. 374 (1989). Further weakening plaintiff's claim is the complete absence of any reference to a contemplated contract price, or a method for the trier of fact to calculate one. For it is the settled law in contract that the one term that *cannot* be inferred on the parties' bargain is price.

Accordingly, defendant's demurrer is sustained.